IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DANIEL BERBERENA**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **03-557-MJR** |
| | ) | |
| **C/O PESQUINO, SGT. TIM FLETCHER,** | ) | |
| **LT. WALKER, C/O BAKER, and** | ) | |
| **SGT. CARTER,** | ) | |
| Defendants. | ) | |

### REPORT and RECOMMENDATION

This Report and Recommendation is respectfully submitted to District Michael J. Reagan pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Now before the Court is defendants' Motion for Summary Judgment with Supporting Brief. **(Doc. 26)**. Plaintiff filed a Response, to which defendants filed a Reply. **(Docs. 29 and 30)**. Thereafter, plaintiff cited additional authority, to which defendants responded. **(Docs. 33 and 34)**.

### Nature of Plaintiff's Claims

This is a suit under **42 U.S.C. §1983**, filed by an inmate in the custody of the Illinois Department of Corrections. Plaintiff Daniel Berberena, who is represented by counsel, alleges that he was "brutally beaten, without provocation, by defendants" on September 1, 2001, at Menard Correctional Center. **Doc. 1, ¶1**. At about 3:30 p.m. on that date, defendant Pesquino allegedly threatened to beat plaintiff when the prisoners on his gallery went to the dining hall for dinner. At about 4:20 p.m. on that date, when plaintiff was leaving the gallery for dinner, Pesquino, Fletcher, and other unknown officers attacked him. **Doc. 1, ¶¶ 7, 8**. They then

1

sprayed him with mace, and, while he was cuffed and laying on the floor, Pesquino used excessive force on him.  **Doc. 1, ¶10.**

Plaintiff was then taken to the health care unit, where Pesquino "taunted plaintiff" that he had made good on his earlier threat.  **Doc. 1, ¶11.**

After being seen in the HCU, plaintiff was put in a shower stall and told to put on a segregation jump suit.  Plaintiff then laid on the floor of the shower.  Defendant Walker and unknown segregation officers came in and kicked him.  After they left, defendant Baker was to guard plaintiff.  Baker spat on plaintiff and kicked and punched him while he was face down on the floor of the shower with his hands cuffed behind his back.  **Doc. 1, ¶¶12-16.**

After midnight, defendant Carter escorted plaintiff to be interviewed by internal affairs.  Carter threatened plaintiff in an attempt to dissuade him from reporting that he had been beaten.  In order to cover up what had occurred, Fletcher "falsified a disciplinary report which stated that plaintiff refused to show his identification card when he was in line to go to the dining hall."  **Doc. 1, ¶¶18-19.**

Plaintiff asserts claims for the violation of his Eighth Amendment rights, denial of due process, violation of state constitutional rights, and battery.

### Defendants' Motion

Defendants argue that they are entitled to summary judgment because the excessive force claim is inconsistent with the disciplinary report; the alleged threats by Pesquino and Carter are not actionable; Article 1, sections 2 and 11 of the Illinois constitution do not create a private right of action; and defendants have official immunity for the battery claim.

2

**Standard for Summary Judgment**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The Court must construe the evidence in the light most favorable to the nonmoving party and draw all justifiable inferences in favor of that party. **See,** *Anderson v. Liberty Lobby Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986)**.

Once the moving party has produced evidence to show that it is entitled to summary judgment, the nonmoving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir.1996).** In responding to a summary judgment motion, the nonmoving party may not simply reiterate the allegations contained in the pleadings. "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, **497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990).** A genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247, 106 S.Ct. at 2510**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**

Summary judgment is not barred by the mere existence of some factual dispute.

*Anderson*, **477 U.S. at 248; see also,** *JPM Inc. v. John Deere Industrial Equipment Company*, **94 F.3d 270, 273 (7th Cir. 1996).**  Only disputes as to facts that might affect the outcome of the suit in light of the substantive law are sufficient to defeat summary judgment.  Disputes as to irrelevant or unnecessary facts do not preclude summary judgment.  *Clifton v. Schafer*, **969 F.2d 278, 281 (7th Cir. 1992).**

### *Heck v. Humphrey*

The Supreme Court held in *Heck* that "when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."  *Heck*, **512 U.S. at 487, 114 S. Ct. at 2372**.  *Heck v. Humphrey*, **512 U.S. 477, 114 S. Ct. 2364 (1994)**.  This is the so-called favorable termination requirement.

In *Edwards v. Balisok*, **520 U.S. 641, 117 S.Ct. 1584 (1997)**, the Supreme Court extended the favorable termination requirement to actions for damages arising out of prison disciplinary actions.

In *DeWalt v. Carter,* **224 F.3d 607 (7th Cir. 2000)**, the Seventh Circuit held that the favorable termination requirement of *Heck v. Humphrey* applies to claims which challenge the <u>fact</u> or <u>duration</u> of confinement, but not to claims which challenged the <u>conditions</u> of confinement.  *DeWalt,* **224 F.3d at 613.**  See also, *Alejo v. Heller*, **328 F.3d 930, 937 (7th Cir. 2003)**.  In *DeWalt*, the Seventh Circuit held that plaintiff could sue under Section 1983 to challenge the validity of prison discipline where the punishment imposed was loss of his prison job, because that discipline did not affect the fact or duration of his confinement.  *DeWalt,* **224**

4

**F.3d at 617-618.** This view was recently confirmed in *Muhammad v. Close*, ___ U.S. ___, **124 S.Ct. 1303, 1304 (2004)**.

A copy of the disciplinary report that was issued to plaintiff on September 1, 2001 is attached to defendants' motion. Fletcher stated in the report that he observed that plaintiff failed to show his identification card. When Fletcher asked to see the ID card, plaintiff said "You better not put your fucking hands on me." Fletcher told him to turn around and cuff up. Plaintiff then punched Fletcher in the head. Fletcher attempted to restrain plaintiff, but plaintiff continued to strike Fletcher in the upper body and head. Plaintiff continued to strike Fletcher until defendant Pesquino was able to restrain him. The report concludes that plaintiff was taken to the health care unit for examination and was escorted to a cell "without further incident." **See, Exhibit A attached to Doc. 26.**

A hearing was held before an adjustment committee on September 10, 2001. Plaintiff was charged with assaulting a staff member (Fletcher), insolence, and disobeying a direct order. He was found guilty of assaulting a staff member and insolence. His punishment was one year demotion to C-grade, one year in segregation, and loss of one year of good conduct credit or statutory good time. **See, Exhibit B attached to Doc. 26.**

Because plaintiff lost good conduct credit or statutory good time, the punishment imposed affects the length of his sentence. Plaintiff does not suggest that the finding of guilt or the punishment have been invalidated. Rather, he seeks to avoid the *Heck* rule by arguing that defendants have not demonstrated that, in fact, he lost good time. Secondly, he argues that the disciplinary report is incidental to his claim and a verdict in his favor would not necessarily imply the invalidity of the punishment he received.

Attached to defendants' Reply are documents which demonstrate that the Prison Review Board reduced the good time revocation to eight months.  See, documents attached to **Doc. 30.** Thus, it is apparent that plaintiff lost good time, a fact that was no doubt known to plaintiff, if not to his attorney.

Plaintiff recently cited additional authority to the Court.  **See, Docs. 33 and 36.**  He cites ***Brengettcy v. Horton*, 423 F.3d 674 (7th Cir. 2005)**, and ***VanGilder v. Baker*, __ F.3d __, 2006 WL 73401 (7th Cir. 2006) (Sl. Op. 05-1119, January 13, 2006).**  *Brengettcy* holds that *Heck* does not preclude a claim that guards used excessive force on an inmate after the inmate was handcuffed and unresisting, even if the inmate was found guilty of assaulting a guard before he was handcuffed.  *VanGilder* is similar; there, the Seventh Circuit held that a plaintiff who had been convicted of resisting arrest was not precluded by *Heck* from pursuing a claim for excessive force allegedly used on him after he resisted.  Thus, plaintiff argues that he can prevail on his claim that he was beaten by defendants after he hit Fletcher.

The holdings of *Brengettcy* and *VanGilder* are logical applications of *Heck*. *Heck* bars claims that would "necessarily imply the invalidity" of the finding that plaintiff violated prison rules."  ***Heck*, 512 U.S. at 487, 114 S. Ct. at 2372**.  The Supreme Court has stressed the importance of the term "necessarily" in the *Heck* analysis.  ***Nelson v. Campbell*, 541 U.S. 637, 647 124 S.Ct. 2117, 2124 (2004)**.

Here, plaintiff's claim would not necessarily imply that the finding of guilty was invalid. Plaintiff was found guilty of striking Fletcher, and being insolent.  Plaintiff admits in his deposition that he told Fletcher "Don't put your fucking hands on me."  **(Deposition, Doc. 26, Exhibit C, p. 19)**.  Presumably, that statement is the basis for the charge of insolence.  He also

6

admits that he and Fletcher "grabbed" each other and that he threw a punch at Fletcher, although he denies striking him.  **(Doc. 26, Exhibit C, pp. 19-20).**

As is outlined above, much of plaintiff's claim is based on events which he alleges occurred *after* the initial encounter with Fletcher.  Plaintiff's excessive force claims are not barred by *Heck*.  The following observation by the Seventh Circuit is pertinent here:

> Were we to uphold the application of *Heck* in this case, it would imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages. Put another way, police subduing a suspect could use as much force as they wanted-and be shielded from accountability under civil law-as long as the prosecutor could get the plaintiff convicted on a charge of resisting. This would open the door to undesirable behavior and gut a large share of the protections provided by § 1983.

*VanGilder*, **2006 WL 73401 *3**.

### Threats (Count 2)

In Count 2, plaintiff alleges that Carter violated his right to due process by "threatening plaintiff with further harm if he told the truth to the investigators from Internal Affairs." **Doc. 1, ¶30.**

Defendants point out that plaintiff also alleged that Pesquino threatened to assault plaintiff.  Although that allegation was included in Count 1, the Court regards it as background information and not as the basis of any claim against Pesquino.  Pesquino is not named in Count 2.

Verbal threats generally do not rise to the level of a constitutional violation.  **See,** *DeWalt v. Carter***, 224 F.3d 607, 612 (7th Cir. 2000)**, and cases cited therein.

In his Response, plaintiff characterizes Carter's threat as an attempt to interfere with the Internal Affairs investigation, which he argues is a violation of the due process clause of the

7

Fourteenth Amendment.  However, he cites no authority for the proposition that he has any due process rights with respect to an Internal Affairs investigation.

Plaintiff has due process rights with regard to prison disciplinary proceedings.  ***Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974).**  He also has a First Amendment right to file grievances.  However, those rights do not include a right to be free from verbal threats in connection with prison Internal Affairs investigations.  Certainly, if Carter made the statement alleged by plaintiff, such conduct would be unprofessional and deplorable.  It would not, however, violate the Constitution.  **See, *Dewalt,* 224 F.3d at 612**.  Defendant Carter is entitled to judgment as a matter of law on Count 2.

## State Constitutional Claims

In Count 3, plaintiff claims that the use of force constituted "the willful infliction of pain in violation of plaintiff's rights to be free from arbitrary punishment" under Article 1, sections 2 and 11 of the Illinois Constitution.

Section 2 of the Illinois Constitution states "No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws."  **Ill. Const. Art 1, sec. 2.**  Section 11 states "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship. No conviction shall work corruption of blood or forfeiture of estate. No person shall be transported out of the State for an offense committed within the State."  **Ill. Const. Art 1, sec. 11**.

Defendants argue, correctly,  that these section of the Illinois constitution do not confer on plaintiff any rights greater than those secured by the Eight Amendment.

The Eight Amendment, made applicable to the states by the Fourteenth Amendment, protects a prison inmate's right to be free from cruel and unusual punishment, including the use of excessive force.  **See,** ***Farmer v. Brennan*, 511 U.S. 825, 832-833, 114 S.Ct. 1970, 1976 (1994)**, and cases cited therein.

The Illinois Supreme Court has held that the scope of Section 2 will be construed independently of the federal due process clause, and that the state constitutional provision may, in an appropriate case, be wider than its federal counterpart.  However, "federal precedent interpreting the federal due process clause is useful as a guide in interpreting" the state provision.  ***Lewis E. v. Spagnolo*, 710 N.E.2d 798, 812 (Ill. 1999)**.  The Seventh Circuit has noted that, generally, Illinois due process challenges are evaluated in the same way as challenges brought under the federal due process clause.  ***Smith on Behalf of Smith v. Severn*, 129 F.3d 419 C.A.7 (Ill.),1997. (footnote 3).**  Plaintiff has not cited any authority at all for the assertion that the due process clause of the Illinois Constitution confers upon him a substantive right beyond the rights secured by the federal constitution.

Likewise, plaintiff has not cited any authority for the assertion that section 11 of the Illinois Constitution creates such a right.  The Court's independent research has not revealed any such authority.  The Court notes that the "open courts" provision of the Illinois Constitution, section 12, "merely expresses a philosophy, and does not mandate a certain remedy be provided in any specific form."  ***Schoeberlein v. Purdue University*, 544 N.E.2d 283, 286 (Ill. 1989).**

As a matter of law, the cited sections of the state constitution confer no rights beyond those granted by the Eighth Amendment, and they do not provide an independent avenue for recovery.

The motion should be granted as to Count 3.

### Official Immunity

In Count 4, plaintiff alleges defendants' "unprovoked attack" constituted the tort of battery.  Defendants argue that they are protected by official immunity because prison guards are entitled to use necessary force to restore order after an altercation with an inmate.  Obviously, there is a factual dispute as to whether the force that was used was excessive.  That disputed issue of fact precludes summary judgment on Count 4.

### Conclusion

This Court recommends that defendants' Motion for Summary Judgment **(Doc. 26)** be **GRANTED in part** and **DENIED in part** as follows:

The motion should be denied as to Counts 1 and 4, and granted as to Counts 2 and 3.

The only claim against defendant John Carter is that he threatened plaintiff as set forth in Count 2.  The complaint does not allege that Carter used excessive force upon plaintiff, and plaintiff testified that he did not.  **See, Doc. 26, Exhibit C, pp. 44-46.**  Therefore, judgment should be entered in favor of John Carter.

Objections to this Report and Recommendation must be filed on or before **February 15, 2006.**

**DATED: January 27, 2006.**

> **s/ Clifford J. Proud**
> **CLIFFORD J. PROUD**
> **U.S. MAGISTRATE JUDGE**