IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL BERBERENA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   **Civil No. 03-557-CJP** |
| | ) |
| **ERIC PASQUINO, TIM FLETCHER,** | ) |
| **ROBERT WALKER, and** | ) |
| **STEPHAN BAKER,** | ) |
| | ) |
| Defendants. | ) |

<u>**ORDER**</u>

**Proud, Magistrate Judge:**

Before the court is plaintiff's Motion to Admit Internal Affairs and Illinois State Police

Investigations.  **(Doc. 56)**.

The reports in question are marked as Plaintiff's Ex. 1.  The pages are Bates-stamped

numbers 1 through 330.  A copy was furnished to the court at the final pretrial conference.

Plaintiff argues that the reports are admissible under Fed. R. Evid. 803(8)(c), which

provides that "factual findings resulting from an investigation made pursuant to authority granted

by law, unless the sources of information or other circumstances indicate lack of

trustworthiness" are not excluded by the hearsay rule.

Plaintiff relies on ***Beech Aircraft Corporation v. Rainey*, 488 U.S. 153, 109 S.Ct. 439**

**(1988)**.  In that case, the issue before the Supreme Court was whether "factual findings" includes

opinions and conclusions.  The Court held that "factually based conclusions or opinions are not

on that account excluded from the scope of Rule 803(8)(C)."  ***Rainey*, 488 U.S. at 162, 109 S.Ct.**

**at 446.**  The Supreme Court also noted that Rule 803(8)(C) does not say that public reports are

1

always admissible; they are inadmissible where "the sources of information or other circumstances indicate lack of trustworthiness." *Rainey*, **488 U.S. at 167-168, 109 S.Ct. at 448-449.** *Rainey* does not establish that the reports at issue are admissible *in toto*.

Rule 803(8)(c) simply provides that public records are not excluded by the hearsay rule. The rule does not make public records admissible per se; evidence that is admissible under Rule 803(8)(c) is subject to exclusion on other grounds. *Cooper v. Carl A. Nelson & Co.*, **211 F.3d 1008, 1018 (7th Cir. 2000).**

The Seventh Circuit has noted that "hearsay goes only to the form of the testimony.**"** *U.S. v. Sutton*, **337 F.3d 792 (7th Cir. 2003)**. In order to be admissible as a public record, the testimony or evidence itself must be "substantively admissible." *Id.*

Here, much of the reports are not substantively admissible. Large parts of the reports consist of statements written by witnesses and summaries of witness statements. These statements and summaries are "hearsay within hearsay." Rule 805 states that hearsay within hearsay "is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule provided in these rules." Plaintiff points to no rule which makes such witness statements admissible. In addition, the reports contain numerous references to the results of polygraph tests. While polygraph tests are admissible in prison disciplinary hearings, *Lenea v. Lane*, **882 F.2d 1171 (7th Cir. 1989)**, the results of such tests would not be admissible in this case without evidence as to their methodology and reliability, and a showing that they pass muster under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, **113 S.Ct. 2786, 509 U.S. 579 (1993)**. See, *Sutton*, **337 F.3d at 797-798 (fingerprint reports contained in public record not admissible without explanatory testimony of an expert witness).**

Plaintiff also argues that the reports are admissible as business records under Rule 803(6).  This argument does not do away with the double hearsay problem.  The witness statements and summaries of statements "in an otherwise admissible business record cannot properly be admitted for their truth unless they can be shown independently to fall within a recognized hearsay exception."  ***Woods v. City of Chicago***, 234 F.3d 979, 986 (7th Cir. 2000).

It is thus evident that substantial portions of the reports are not admissible as substantive evidence.  Plaintiff has moved for the admission of the entire reports.  The court declines to go through the reports and designate portions which may be admissible.  Rather, at trial, plaintiff may offer whatever parts of the reports he feels may be admissible.  Portions of the report may also be admissible for a particular use at trial, such as impeachment of a witness.

Upon consideration and for good cause shown, plaintiff's Motion to Admit Internal Affairs and Illinois State Police Investigations **(Doc. 56)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE:  November 9, 2006.**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**

3