IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL BERBERENA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Civil No. 03-557-CJP |
| | ) |
| **ERIC PASQUINO, TIM FLETCHER,** | ) |
| **ROBERT WALKER, and** | ) |
| **STEPHAN BAKER,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**Proud, Magistrate Judge:**

Before the court is Defendants' Motion in Limine. **(Doc. 54)**.

Defendants seek an order prohibiting evidence that they say contradicts the details of the disciplinary report issued to plaintiff. They seek to prohibit evidence of the following:

(1) evidence that plaintiff showed his ID card on September 1, 2001;

(2) evidence that plaintiff was the victim of an unprovoked attack by the defendants on September 1, 2001;

(3) evidence that plaintiff did not hit or strike defendant Fletcher multiple times;

(4) evidence that plaintiff did not continue to hit defendant Fletcher about the head and body until subdued by defendant Pasquino;

(5) evidence that any actions by defendant Pasquino after cuffing plaintiff followed an "attack" or "unprovoked" attack by the Defendants;

(6) evidence that the disciplinary ticket Plaintiff received and for which he lost good time as a result of the September 1, 2001 incident was falsified.

Defendants argue that ***Heck v. Humphrey***, 512 U.S. 477, 114 S.Ct. 2364 (1994) and its progeny bar plaintiff from offering evidence contrary to the disciplinary report or the findings of the adjustment committee.

1

The court has already determined that plaintiff's claim that defendants used excessive force on him is not precluded by the *Heck* rule because plaintiff's claim does not necessarily conflict with the findings of guilty. See, ***Brengettcy v. Horton*, 423 F.3d 674 (7th Cir. 2005)**; ***VanGilder v. Baker*, 435 F.3d 689 (7th Cir. 2006).**

The court first observes that defendants seek to exclude any evidence that contradicts the allegations of the disciplinary ticket as well as the findings of the adjustment committee. This is much too broad. The disciplinary ticket contains statements that were not found to be substantiated by the adjustment committee. Notably, plaintiff was charged with three violations, insolence, assaulting any person, and disobeying a direct order, but he was found guilty only of the first two charges. Obviously, some of the allegations of the disciplinary ticket were not substantiated, and nothing in *Heck* prevents plaintiff from presenting that evidence. In applying *Heck*, the court looks only at the actual conviction, and not the original charges. ***VanGilder*, 435 F.3d 691-692.**

Plaintiff argues that *Heck* does not create a rule of issue preclusion, citing ***Simpson v. Nickel*, 450 F.3d 303 (7th Cir. 2006)**. This argument is also much too broad. *Simpson* involved a claim that prison officials retaliated against plaintiff by writing false disciplinary reports on which he was found guilty. However, his discipline did not include loss of good conduct time. Despite the fact that the discipline did not affect the duration of custody, defendants argued that plaintiff could not challenge the validity of the disciplinary reports. *Simpson* holds that *Heck* does not "establish free-standing rules of issue or claim preclusion." ***Simpson*, 450 F.3d at 307.** This means that the *Heck* rule has no effect at all in a case such as *Simpson*, where the fact or duration of custody was not affected by the discipline. In the court's view, *Simpson* does not apply at all to the present case.

***Heck*** and ***Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584 (1997)** operate in this case to prohibit plaintiff from presenting evidence that implies that the findings of guilt were invalid. He is not, however, prohibited from contradicting the disciplinary report in any and all respects.

It is clear that defendants seek to exclude far more evidence than is called for under *Heck*. Plaintiff appears to concede that the adjustment committee found that plaintiff struck Sergeant Fletcher. **See, Doc. 63, p. 8**. The court agrees that plaintiff is precluded from denying that he struck Fletcher. As to the other items listed by defendants, it is difficult for the court to determine on a theoretical basis exactly what evidence will be admissible. Therefore, the court will deny the motion as to the other items, with the understanding that defendants may object to specific evidence when it is offered at trial.

Upon consideration and for good cause shown, Defendants' Motion in Limine **(Doc. 54)** is **GRANTED in part and DENIED in part as follows:**

Plaintiff is prohibited from presenting evidence that he did not strike Sergeant Fletcher. The motion is denied in all other respects.

**IT IS SO ORDERED.**

**DATE: November 9, 2006.**

                                             s/ Clifford J. Proud
                                             **CLIFFORD J. PROUD**
                                             **UNITED STATES MAGISTRATE JUDGE**