IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL BERBERENA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Civil No. 03-557-CJP |
| | ) |
| **ERIC PESQUINO, TIM FLETCHER,** | ) |
| **ROBERT WALKER, and** | ) |
| **STEPHAN BAKER,** | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**Proud, Magistrate Judge:**

Before the court is defendant Pasquino's Motion for Judgment as a Matter of Law. **(Doc. 84).**

Plaintiff Daniel Berberena, an inmate in the custody of the Illinois Department of Corrections, sued defendants pursuant to 42 U.S.C. §1983. He alleged that defendants Pasquino and Walker used excessive force on him in two separate incidents on September 1, 2001. He also alleged that defendant Fletcher either ordered or allowed Pasquino to use excessive force, and defendant Baker either used excessive force on him, or allowed other officers to do so. The jury returned verdicts in favor of Fletcher, Walker, and Baker, but found in favor of plaintiff on his claim against Pasquino. The jury awarded $1.00 in actual damages and $5,000.00 in punitive damages. Judgment was entered in accordance with the jury verdicts. **See, Docs. 79 to 83.**

Pasquino moves for judgment as a matter of law on the following grounds:

1. The verdict for nominal damages is inconsistent with a finding that Pasquino used excessive force.

1

2. The punitive damage award cannot stand because there was a lack of compensable damages and there was no showing that Pasquino had subjective knowledge that he was violating plaintiff's rights.

3. Pasquino is entitled to qualified immunity.

The court first notes that defendant did not object to plaintiff's jury instruction number 31, which informed the jury that they could award plaintiff nominal damages. Thus, defendant has arguably waived his first point. See, **Penn v. Harris**, 296 F.3d 573, 577 (7th Cir. 2002).

In his memorandum in support, defendant relied on **Babcock v. White**, 102 F.3d 267 (7th Cir. 1996) for his argument that the verdict cannot stand because the jury necessarily found that plaitnff did not suffer a signigicant injury. However, in his reply, he concedes that **Babcock** does not stand for that proposition; **Babcock** was a conditions of confinement case, and is not applicable to an excessive force case. **See, Doc. 93.**

Defendant's first argument is squarely rejected by **Briggs v. Marshall**, 93 F.3d 355 (7th Cir. 1996). There, the Seventh Circuit explained that, although excessive force and nominal damages may be "strange bedfellows, " nominal damages may be appropriate in an excessive force case in three situations:

> First, during an altercation between a police officer and an arrestee/detainee, the officer might use both justifiable and excessive force, but any injury might have resulted from the justifiable force, thereby supporting the denial of compensatory damages. Gibeau v. Nellis, 18 F.3d 107, 110 (2nd Cir.1994). Next, nominal damages may be appropriate where a jury reasonably concludes that evidence concerning the plaintiffs' injuries was not credible. Butler v. Dowd, 979 F.2d 661, 669 (8th Cir.1992) (en banc), cert. denied, 508 U.S. 930, 113 S.Ct. 2395, 124 L.Ed.2d 297 (1993). In Butler, the court affirmed the award of nominal damages to excessive force victims because "plaintiffs failed to produce at trial objective medical evidence supporting their physical injuries or detailing the extent of their emotional injuries," and thus, the "jury could have disbelieved the plaintiffs' testimony regarding the extent of their injuries." Id. at 669, 672. Finally, nominal damages may be appropriate where the victim's injuries "have no monetary value or are insufficient to justify with reasonable certainty a more substantial measure of damages." Howard v. Barnett, 21 F.3d at 873.

**Briggs, 93 F.3d at 360.**

Defendant argues that *Briggs* is not applicable to this Eighth Amendment case because *Briggs* was brought by a detainee under the Fourth Amendment. That argument borders on the frivolous. *Briggs* cites with approval *Howard v. Barnett*, **21 F.3d 868 (8th Cir. 1994)**, which was an Eighth Amendment excessive force case, and which in turn relied on *Hudson v. McMillian*, **503 U.S. 1, 112 S.Ct. 995 (1992).** While defendant cites *Hudson* in his memorandum in support of his motion, he ignores the part where the Supreme Court stated as follows:

> In the excessive force context, society's expectations are different. When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated. See Whitley, supra, 475 U.S., at 327, 106 S.Ct., at 1088. This is true whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury. Such a result would have been as unacceptable to the drafters of the Eighth Amendment as it is today.

*Hudson*, **503 U.S. at 9, 112 S.Ct. at 1000.**

While a de minimis use of force does not violate the Eight Amendment, it is clear that plaintiff need not show that he suffered a significant injury in order to prove an excessive force case under the Eighth Amendment. See, for example, *Outlaw v. Newkirk*, **259 F.3d 833, 837-838 (7th Cir. 2001)**. Defendant's first point is denied.

The cases cited above mandate that defendant's second and third points be rejected as well.

For his second point, defendant argues that punitive damages may not be awarded in the absence of a constitutional violation. For the reasons stated above, the court rejects defendant's position that the verdict for only nominal damages is incompatible with a finding that Pasquino

3

used excessive force. There was sufficient evidence upon which the jury could find a constitutional violation.

There was also sufficient evidence for the jury to award punitive damages. For example, plaintiff testified that Pasquino struck him with handcuffs after plaintiff had been subdued and was lying on his stomach on the floor. Evidence of such a gratuitous use of force on an inmate, if believed, forms a sufficient basis for the imposition of punitive damages. Defendant's suggestion that plaintiff was required to present evidence that Pasquino was subjectively aware that he was violating plaintiff's constitutional rights is inaccurate. A correctional officer's mistaken belief that the Eighth Amendment permits him to use excessive force so long as he does not inflict severe injury would not insulate him from liability for punitive damages. Punitive damages can be awarded where the jury finds that defendant's conduct was malicious or in reckless disregard of plaintiff's rights. See, **Seventh Circuit Civil Jury Instructions 7.24**.

Lastly, defendant argues that he is entitled to qualified immunity because "There is no clearly established law that to inflict no compensable injuries on an inmate violates the constitution, even if the force used was found to be for an unconstitutional purpose." Defendant's Memorandum in Support, **Doc. 85, p. 4**. That argument ignores the clear statement of the law in ***Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992)**, quoted above.

The court notes that defendant has not raised a constitutional issue with regard to the amount of punitive damages. Such an attack would be unsuccessful in any event. The court finds that the award of $5,000.00 punitive damages was not excessive. See, ***Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672, 675- 678 (7th Cir. 2003)**, in which the Seventh Circuit approved a verdict for $5,000.00 compensatory damages and $186,000.00 punitive damages.

See also, *Lust v. Sealy, Inc.*, **383 F.3d 580, 590-591 (7th Cir. 2004)**, and in which the Seventh Circuit recognized that a higher ratio of punitive to compensatory damages is permissible when the amount of compensatory damages is slight, as meager amounts do not accomplish the purposes of punitive damages awards.

For the foregoing reasons, defendant Pasquino's Motion for Judgment as a Matter of Law **(Doc. 84)** is **DENIED**.

**IT IS SO ORDERED.**

**DATE: September 19, 2007.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**