IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL BERBERENA**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | **Civil No. 03-557-CJP** |
| ) | |
| **ERIC PESQUINO, TIM FLETCHER,** ) | |
| **ROBERT WALKER, and** ) | |
| **STEPHAN BAKER,** ) | |
| ) | |
| Defendants. ) | |

# ORDER

**Proud, Magistrate Judge:**

Before the court is plaintiff's Motion for New Trial or, in the Alternative, for Sanctions, as to Defendant Tim Fletcher Only. **(Doc. 86)**. Defendant Fletcher filed a response at **Doc. 88.** Plaintiff then filed a reply at **Doc. 92.**

Plaintiff Daniel Berberena, an inmate in the custody of the Illinois Department of Corrections, sued defendants pursuant to 42 U.S.C. §1983. He alleged that excessive force was used on him during two separate incidents on September 1, 2001. As relevant here, he alleged that defendant Fletcher either ordered or allowed defendant Pasquino to use excessive force on him. The jury returned verdicts in favor of Fletcher, Walker, and Baker, but found in favor of plaintiff on his claim against Pasquino. Judgment was entered in accordance with the jury verdicts. **See, Docs. 79 to 83.**

Plaintiff moves for a new trial as to Fletcher pursuant to **Fed.R.Civ.P. 59.** He argues that he was deprived of the opportunity to fully and fairly present his case because of discovery violations by Fletcher and his counsel.

1

This court may grant a new trial "if the verdict is against the weight of the evidence, the damages are excessive, or if for other reasons the trial was not fair to the moving party." ***Tapia v. City of Greenwood*, 965 F.2d 336, 338 (7th Cir.1992).   See,  Fed.R.Civ.P. 59(a)**.  However, an error cannot be the basis for granting a new trial unless refusing to grant a new trial "appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." **Fed.R.Civ.P. 61.**

Berberena and Fletcher gave conflicting versions of the events.  Fletcher testified that Berberena and two other inmates attacked him.  Fletcher's attorney asked Fletcher what he was thinking at that time.  Fletcher  testified that he thought that  the attack was possibly part of a "Latin Kings hit."  Fletcher then explained that he had some history with inmates who belonged to that gang which made him believe that the gang had a plot to harm him.

According to plaintiff, this testimony contradicted the answer that Fletcher had previously given to plaintiff's interrogatory number 5, which asked:

> Describe your contact with the plaintiff during on [sic] September 1, 2001. Your answer should include, without limitation, the time and date of your contact, your assignment at the time, identify all other persons who were present during the contact, and describe the nature of the contact.

Defendant Fletcher gave the following answer:

> On September 1, 2001, at approximately 4:25 pm, while Defendant was the West Cellhouse Sergeant, Inmate Berberena B37015 failed to show his I.D. Defendant approached him to get him to show his I.D. and he said, "you better not put your fucking hands on me", and he struck Defendant in the head. Correctional Officer Eric Pasquino was present, as well as this Defendant.

**See, Exhibit 1 attached to Doc. 86.**

According to plaintiff, "As a result of these discovery violations by Mr. Fletcher and his

counsel, plaintiff received no notice prior to trial of Mr. Fletcher's contentions regarding an alleged Latin King conspiracy. Counsel for plaintiff was taken completely by surprise by Mr. Fletcher's detailed testimony describing a plot which originated a decade ago." **Doc. 86, p.5**.  Plaintiff suggests that, had he known of this evidence prior to trial, he could have sought discovery about whether any such plot actually existed.

Plaintiff's counsel attempted to cast doubt on Fletcher's testimony by pointing out on cross examination Fletcher had not mentioned a possible Latin Kings plot in his interrogatory answers, or in any of his incident reports or interviews.  However, counsel for defendant attempted to blunt his cross examination by arguing that she had answered the interrogatories using information from Fletcher's incident report.

The only case cited by plaintiff is not precedential, as it is from the Fourth Circuit, and it concerns a motion made under **Fed.R.Civ.P. 60(b)(3)**.  Nevertheless, the court agrees that, as a general proposition, it would be proper to grant a new trial under **Rule 59** if the record demonstrated that a party failed to disclose relevant information that was responsive to a discovery request, and such failure affected a party's substantial rights.  In this particular case, however, that general rule does not apply.

The court rejects plaintiff's argument because, in the first place,  interrogatory number 5 does not squarely ask Fletcher to state what he thought was Berberena's motivation for attacking him.  The question asked Fletcher to "describe the contact" and to "describe the nature of the contact."  It is a far stretch to interpret interrogatory number 5 as asking Fletcher to describe his own mental state at the time of the so-called "contact."

Plaintiff does not point to any other discovery request which he contends asked Fletcher

to reveal his own state of mind during the events giving rise to this lawsuit. This is not unexpected; as plaintiff took the position that he did not attack Fletcher, it would be unlikely that he would pose interrogatory questions seeking Fletcher's thoughts as to plaintiff's motivation for an attack which plaintiff denied.

Secondly, Fletcher's testimony was not nearly as damaging to plaintiff's case as he suggests. While he may have been surprised by the testimony, plaintiff's counsel ably neutralized the effect of the testimony. Counsel effectively pointed out on cross examination that Fletcher never mentioned this alleged Latin Kings plot in any incident report or interview, including his statements to the IDOC Internal Affairs investigator and the Illinois State Police. He argued in closing that the suggestion that Berberena attacked him in furtherance of such a plot was an after-the-fact rationalization. Plaintiff's position here is that the trial was unfair because he did not have the opportunity to discover evidence that he could have used to impeach Fletcher, i.e., by showing that there was, in fact, no such Latin Kings plot to harm him.

The fact that plaintiff was surprised by Fletcher's testimony does not, standing alone, warrant a new trial. Rather, a new trial is appropriate only if plaintiff's substantial rights were affected. Viewing the evidence as a whole, the court concludes that Fletcher's testimony about a possible Latin Kings plot did not render the trial unfair or cause a miscarriage of justice. There was ample evidence from a number of witnesses from which the jury could have concluded that plaintiff's version of the events was inaccurate. Fletcher's evidence was offered to show Fletcher's subjective state of mind, not to show that Berberena was, in fact, carrying out a Latin Kings plot to harm Fletcher. Even if plaintiff had been able to show that there never was a Latin Kings plot to harm Fletcher, such evidence would not have been likely to have made a difference

in the outcome of the trial.

The court also rejects plaintiff's contention that Fletcher and/or his attorney should be sanctioned for violating **Fed.R.Civ.P. 33.**  Plaintiff contends that sanctions should be imposed because Fletcher's answer to interrogatory number 5 was incomplete.  For the reasons outlined above, the court rejects that argument.

Fletcher also contends that the manner in which Fletcher's interrogatory answers were prepared violates **Rule 33.  Rule 33(a)** states that an interrogatory is to be answered by the party, as opposed to the attorney.  In this case, defendant Fletcher's counsel established at trial that she prepared the answers using information gleaned from Fletcher's incident reports.  She then submitted the proposed answers to Fletcher, who reviewed and signed them, attesting to their truth under oath.  **See, Exhibit 1, Doc. 86, p. 6**.  This procedure does not violate **Rule 33(a)**, as plaintiff admits in this reply.  **Doc. 92, p.2**.

The court has carefully considered the points raised in plaintiff's motion, and is convinced that the trial was not fundamentally unfair.  Therefore, plaintiff's Motion for New Trial or, in the Alternative, for Sanctions, as to Defendant Tim Fletcher Only **(Doc. 86)** is **DENIED**.

**IT IS SO ORDERED.**

DATE: September 19, 2007.

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**
