IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DANIEL BERBERENA**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) Civil No. 03-557-CJP |
| | ) |
| **ERIC PESQUINO, TIM FLETCHER,** | ) |
| **ROBERT WALKER, and** | ) |
| **STEPHAN BAKER,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

**Proud, Magistrate Judge:**

Before the court is Plaintiff's Petition for Attorney's Fees. **(Doc. 96)**. Defendant Pasquino has filed a response at **Doc. 99.**

This is a suit brought by a prison inmate under 42 U.S.C. §1983. The jury returned a verdict in favor of plaintiff and against defendant Pasquino in the amount of $1.00 compensatory damages and $5,000.00 punitive damages.

42 U.S.C. §1988 provides that the court may allow a prevailing party a reasonable attorneys fee as part of the costs. Plaintiff is a prevailing party here,. Because he is a prisoner, the amount of the fee is limited by 42 U.S.C. §1997e.

Section 1997e places both relative and absolute limits on the amount of the fee award. "Subsections (1) and (2) establish relative limits: fees must be "proportionately related to the court ordered relief" and, when monetary relief is awarded, the fees attributable to that relief cannot exceed 150% of the damages. Subsection (3) establishes an absolute limit at 150% of the hourly rate for defense counsel under the Criminal Justice Act, times the number of hours

1

reasonably devoted to the litigation." ***Johnson v. Daley*, 339 F.3d 582, 583 (7th Cir. 2003)**.

Plaintiff's counsel Mr. Mills represents that he spent a total of 231.6 hours on this case, which the court finds reasonable. He has also provided some documentation that the market rate for his services is $350.00 per hour. **See, Ex. 3 attached to Doc. 96.** Because the applicable hourly rate is capped at 150% of the CJA rate, it is unnecessary to decide whether $350.00 is a reasonable hourly rate. The applicable hourly rate for CJA counsel is $94.00. Thus, the maximum hourly rate that can be applied here is $141.00 per hour.

Mr. Mills asks the court to award him a fee of $7,501.50, which is 150% of the judgment. Defendant has not raised any specific objection that amount. At a rate of $141.00 per hour, that amount represents only about 53.2 hours. In view of the actual time spent on the case, which included three and one-half days of trial, the court finds that Mr. Mills is entitled to recover the maximum allowable amount of $7,501.50. Pursuant to 42 U.S.C. §1997e(d)(2), 25% of the amount of the judgment ($1,250.25) shall be paid by plaintiff to Mr. Mills, and the balance of $6,251.25 shall be paid by defendant Pasquino.

Mr. Mills also asks the court to award him costs in the amount of $1,267.26 in addition to the fee of $7,501.50. These costs are expenses in addition to the costs which are recoverable under 29 U.S.C. §1920. The statutory costs have been taxed in the amount of $491.98. **See, Doc. 89**. These additional expenses are mostly for travel, including hotel, gasoline, and food.

Defendant objects to an award for expenses in excess of the attorneys fee. The court agrees that the items claimed as expenses must be considered part of the allowable attorneys fee under Section 1988. **See, *Downes v. Volkswagen of America, Inc.*, 41 F.3d 1132, 1144 (7th Cir. 1994).** Under Section 1997e, the amount of the fee cannot exceed 150% of the judgment.

Therefore, the court cannot award an additional amount in excess of $7,501.50.

For the foregoing reasons, Plaintiff's Petition for Attorney's Fees **(Doc. 96)** is **GRANTED**. Plaintiff's counsel Alan Mills is awarded an attorneys fee in the total amount of **$7,501.50**. The fee shall be paid as follows:

Plaintiff Daniel Berberena shall pay **$1,250.25** to Mr. Mills. The balance, **$6,251.25**, shall be paid by defendant.

**IT IS SO ORDERED.**

**DATE: January 7, 2008.**

<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**